MARYLAND CASUALTY COMPANY, Plaintiffs-Appellees, *v.* ROBERT M. PEPPERS *et al.*, Defendants and Counterplaintiffs-Appellants.—(JAMES W. MIMS, Defendant-Appellant, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Counterdefendants-Appellees.)

(No. 73-141; ▮▮▮▮▮▮▮▮▮

Fifth District—June 10, 1975.

Sprague, Sprague & Ysursa, of Belleville (Bernard J. Ysursa, of counsel), for appellants Robert M. Peppers and James W. Mims.

Cornelius Thomas Ducey, Jr., of Ducey and Feder, Ltd., of Belleville, for appellee St. Paul Fire and Marine Insurance Co.

John F. O'Connell, of O'Connell & Waller, of Belleville, for appellee Maryland Casualty Co.

Mr. JUSTICE CREBS delivered the opinion of the court:

Maryland Casualty Company filed a complaint for declaratory judgment in the Circuit Court of St. Clair County requesting the court to construe the liability insurance policy purchased by Peppers from Maryland Casualty. Maryland Casualty disclaimed liability under the policy. The defendants to this action were Peppers and Mims. Later Peppers filed a counterclaim against St. Paul Fire and Marine Insurance Company seeking a declaratory judgment that St. Paul was liable to Peppers for any judgment received by Mims against Peppers in a separate civil case. St. Paul filed an answer to the counterclaim in which it denied that its insurance policy issued to Peppers provided coverage. Peppers then filed what was labeled an "affirmative defense" alleging that St. Paul, by its conduct and actions, had waived its right to disclaim insurance coverage.

Upon a trial of these issues, the court found in favor of the plaintiff, Maryland Casualty, on the complaint for declaratory judgment. The court found that Maryland Casualty was not liable under its insurance policy issued to Peppers for two reasons: (1) the policy covered only "unintentional injuries" and the injury to Mims was intentionally caused by Peppers, and (2) the insurance policy did not cover the premises involved. With respect to the counterclaim, the court found that St. Paul was not liable under its insurance policy issued to Peppers. This was based upon the finding that the injury to Mims was caused intentionally and the insurance policy did not apply to such injuries. The court also found that because St. Paul had undertaken the defense of Peppers, it was obligated to defend Peppers in the action brought by Mims even though it was not liable for any judgment awarded to Mims.

Defendants-appellants, Mims and Peppers, both filed timely notices of appeal requesting reversal of the findings that the two insurance companies were not liable for the injury to Mims. St. Paul also filed a notice of appeal in which it requested reversal of the finding that it was obligated to defend Peppers in the civil case brought by Mims.

The instant case arose from an incident on January 18, 1971, in which Robert Peppers shot and seriously wounded James Mims. Peppers owned three buildings located at 8408½, 8412, and 8414 Collinsville Road in East St. Louis. Tincy's Pizza House was located at 8408½, 8412 was a "block building," and Peppers' home was located at 8414. Peppers had been sleeping in the building at 8408½ because that building had been burglarized several times. In the early morning hours, Peppers was awakened by some people running outside the building. Peppers picked up his shotgun and pointed it toward the door. He then "heard the door break" and saw a person running outside. Peppers pointed his gun out the door,

shouted for the man to stop, saw what he thought was a gun in the man's hand and fired one shot.

Mims subsequently filed a civil suit in the Circuit Court of St. Clair County against Peppers as a result of this shooting incident and this case is still pending.

■■ While there is some conflict in the testimony, it is clear that Peppers fired a shotgun loaded with 00 buckshot at Mims from close range. From a review of the facts we conclude that the trial court was correct in holding that this was an occurrence expected or intended from the standpoint of the insured and thus not within the coverage under either policy.

■■ It is also contended that the insurance companies have waived their right to deny coverage. Maryland Casualty asserted its nonliability and filed suit for declaratory judgment without undue delay. It took no action inconsistent with this position and the determination that it was not liable occurred before the civil suit by Mims against Peppers was called for trial. We find the holding of the trial court that Maryland Casualty had not waived its right to deny coverage is correct.

The only close question in this case is whether or not St. Paul has taken actions which constitute a waiver of its rights under its policy.

Peppers had a Homeowner's Insurance Policy with St. Paul covering his home at 8414 Collinsville Road. The policy identified the premises as a one-story, six-room frame dwelling occupied by one family. After Mims' civil suit was filed, Peppers filed a claim with St. Paul and requested that the company defend Peppers in the action brought by Mims. Subsequently Peppers received a letter dated February 11, 1972, from a law firm informing him that the law firm had been employed by St. Paul to represent Peppers in the civil suit brought by Mims. The law firm then filed a demand for jury trial and an answer in behalf of Peppers. On March 6, 1972, this law firm filed a motion to withdraw as counsel for Peppers on the ground that Peppers was represented by other counsel. This motion was granted. The answer which had been filed was withdrawn. On March 6, 1972, the St. Paul law firm mailed to Peppers a reservation of rights agreement which Peppers refused to sign. In a reply letter from Peppers' private counsel to St. Paul it was suggested that St. Paul enter the declaratory judgment action already filed by Maryland Casualty. Nothing further appears to have been done until May 12, 1972, when St. Paul was brought into the declaratory judgment action by reason of Peppers' counterclaim.

The subject of estoppel by reason of assuming the defense without a reservation of rights has been discussed in *Gibraltar Insurance Co. v. Varkalis*, 46 Ill.2d 481, 263 N.E.2d 823, and *Apex Mutual Insurance Co. v. Christner*, 99 Ill.App.2d 153, 240 N.E.2d 742. Also the recently decided

case of *Cowan v. Insurance Company of North America,* 22 Ill.App.3d 883, discusses some of the problems involved in this case.

■■ There is a duty where an insurer wishes to assert its nonliability to notify the insured without delay. (*Krutsinger v. Illinois Casualty Co.,* 10 Ill.2d 518, 141 N.E.2d 16.) Here St. Paul not only assumed the defense without a reservation of rights, but it also failed to take action to assert its nonliability without delay. Under the factual situation in this case, we find that St. Paul has waived its right to deny coverage under the policy.

Judgment of the Circuit Court of St. Clair County with respect to Maryland Casualty Company is affirmed; judgment with respect to St. Paul Fire and Marine Insurance Company is modified to provide that in addition to defending Peppers in civil case No. 71-968, St. Paul must also provide him policy coverage.

Affirmed as modified.

G. MORAN, P. J., and CARTER, J., concur.